In the Matter of ANTHONY PIAZZA et al., Respondents-Appellants, v. JOHN V. LINDSAY, as Mayor of the City of New York, et al., Appellants-Respondents.— Judgment of the Supreme Court, Queens County, dated December 18, 1967, modified, on the law, (1) by striking therefrom the provisions which (a) rescind and annul the Mayor's direction to the Corporation Counsel, dated September 1, 1967, to commence proceedings to acquire the property described in the petition and (b) enjoin the Corporation Counsel from commencing such proceedings; and (2) by adding a provision that the proceeding is dismissed on the merits. As so modified, judgment affirmed, without costs. The findings of fact below are affirmed. The capital budget of the City of

New York for the fiscal year 1966–67, as adopted following the required public hearings (including one before the Board of Estimate), provided *inter alia* for the acquisition of a site for a new high school to be built at an undetermined location in the Borough of Queens, the funds therefor to come from a general appropriation of some $22,000,000 for school sites. On July 8, 1966, at the instance of the Mayor, the Board of Estimate held a " second look " hearing to consider this item again (see New York City Charter, § 228). On October 10, 1966 the Mayor approved initiation of the project. On January 25, 1967 the Board of Education adopted a resolution in favor of the subject site. Thereafter, the Site Selection Board held a hearing to consider the matter of a site for the high school (see New York City Charter, § 227). Petitioners and others appeared and presented oral and written objections to the site proposed by the Board of Education; and suggested other locations. On July 24, 1967 the subject site was approved by the Site Selection Board and on September 1, 1967 the Mayor directed that appropriate steps be taken to acqiure the property. Petitioners contend, and the learned Special Term has held, that the foregoing procedure was defective and in violation of the Charter, in that no hearing had been held by the Board of Estimate to consider the site chosen by the Site Selection Board. In our opinion, there is nothing in the plain language or legislative history of the pertinent provisions of the Charter which requires the Board of Estimate to hold a public hearing to consider site selection for a capital project after the Site Selection Board has held such a hearing and selected a site. Christ, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.